**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| MATTHEW COOPER<br>45 Russett Lane<br>Levittown, PA 19055<br><br>ANTHONY MOORE<br>434 W. Queen Lane<br>Philadelphia, PA 19144; AND<br><br>NEFTALI DELGADO<br>48 Bellevue Terrace<br>Collingswood, NJ 08208<br><br>*individually and on behalf<br>of all others similarly-situated*<br><br>           *Plaintiffs,*<br>v.<br><br>EASTERN METAL RECYCLING, LLC<br>201 North Front Street<br>Camden, NJ 08102; AND<br><br>CAMDEN IRON & METAL, INC.<br>d/b/a EASTERN METAL RECYCLING<br>201 North Front Street<br>Camden, NJ 08102<br><br>           *Defendants.* | CIVIL ACTION NO.: _____<br><br>**JURY TRIAL DEMANDED** |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Matthew Cooper, Anthony Moore, and Neftali Delgado ("Plaintiffs") hereby bring this action against Defendants Eastern Metal Recycling, LLC ("EMR") and Camden Iron & Metal, Inc. d/b/a Eastern Metal Recycling ("CIM") (collectively, "Defendants"), and allege, upon personal belief as to their own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this complaint contending that Defendants unlawfully misclassified them and other similarly situated individuals employed in the position of "Supervisor" as "exempt" from overtime within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*, resulting in the denial of overtime compensation at one and a half times their "regular rate" of pay as required by the same.

2. Plaintiffs bring this action as a representative action under the FLSA and NJWHL for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

4. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as Plaintiffs' FLSA claims.

6. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiffs are complaining were committed in the State of New Jersey.

## PARTIES

7. Plaintiff Matthew Cooper currently resides at 45 Russett Lane, Levittown, PA 19055.

8. Plaintiff Anthony Moore currently resides at 434 W. Queen Lane, Philadelphia, PA 19144.

9. Plaintiff Neftali Delgado currently resides at 48 Bellevue Terrace, Collingswood, NJ 08208.

10. Upon information and belief, Eastern Metal Recycling, LLC is a limited liability company organized and existing under the laws of the State of Delaware with a headquarters at 201 North Front Street, Camden, NJ 08102, and business locations at 1251 South Front Street, Camden, NJ 08104 and 1500 S 6th Street in Camden, NJ 08104.

11. Upon information and belief, Camden Iron & Metal, Inc. d/b/a Eastern Metal Recycling is a business corporation organized and existing under the laws of the State of New Jersey with a headquarters at 201 North Front Street, Camden, NJ 08102. Upon information and belief, Camden Iron & Metal, Inc. was purchased by Eastern Metal Recycling, LLC's parent company, European Metal Recycling Ltd., in or around 2007. Upon information and belief, Eastern Metal Recycling, LLC owns and operates Camden Iron & Metal, Inc., including the business location(s) in Camden, NJ at which Plaintiffs and Class Plaintiffs are employed.

12. Defendants are employers and enterprise engaged in commerce and are covered by the FLSA.

13. Defendants Eastern Metal Recycling, LLC and Camden Iron & Metal, Inc. d/b/a Eastern Metal Recycling are a joint, single, and/or integrated employer with respect to the employees at EMR and CIM's business location in Camden, NJ, including but not limited to

Plaintiffs and Class Plaintiffs. Upon information and belief, Defendants share employees, office space, equipment, management, and collectively assert control over their employees for purposes of hiring, firing, discipline, assigning, directing, and setting and enforcing payroll and other administrative policies.

14. During the course of their employment with Defendants, Plaintiffs and Class Plaintiffs are/were engaged in commerce within the meaning of the FLSA.

15. Defendants are a covered enterprise and employer under the FLSA in that, in each of the past three (3) years, they had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiffs and Class Plaintiffs) engaged in commerce within the meaning of the FLSA.

16. Plaintiffs and Class Plaintiffs are/were employees who have been employed by Defendants during all relevant times hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

17. At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Paragraphs 1 through 17 are hereby incorporated by reference as though the same were fully set forth at length herein.

19. This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiffs and all similarly situated current and former employees of Defendants.

20. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs bring this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Supervisor who were paid on a salary basis and denied overtime compensation at their regular rate of pay for hours worked over forty (40) in a workweek due to Defendants' policy and practice of misclassifying them as "exempt" from overtime under the FLSA ("Class Plaintiffs").

21. Plaintiffs estimate that there are at least five (5) to ten (10) other similarly situated Class Plaintiffs who either are working or worked for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek. The precise number of employees can be easily ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

22. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the Class Plaintiffs are similarly situated. Plaintiffs and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendants' unlawful misclassification of them as "exempt" under the FLSA, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have affected Class Plaintiffs in the same fashion.

23. Plaintiffs will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## NJWHL CLASS ACTION ALLEGATIONS

24. Paragraphs 1 through 23 are hereby incorporated by reference as though the same were fully set forth at length herein.

25. Plaintiffs bring this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All individuals presently or formerly employed by Defendants in the position of Supervisor at any point during the last three (3) years who were paid on a salary basis and denied overtime compensation at 1.5 times their "regular rate" of pay for all hours worked over forty (40) in a workweek due to Defendants' policy and practice of misclassifying them as "exempt" from overtime compensation ("Class Plaintiffs").

26. The members of the class as so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this class action by direct mail.

27. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

    a. Whether Plaintiffs and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the NJWHL;

    b. Whether Plaintiffs and the Class qualified for the executive, administrative, or professional exemptions under the NJWHL;

  c. Assuming Plaintiffs and the Class were misclassified as exempt, whether Defendants are entitled to use the fluctuating workweek model for calculating the overtime compensation owed to them under the NJWHL;

  d. Whether Plaintiffs and the Class worked in excess of forty (40) hours per week;

  e. Whether Plaintiffs and the Class have suffered and are entitled to damages, and, if so, in what amount;

  f. Whether Defendants willfully violated the NJWHL; and

  g. Whether Plaintiffs and the Class are entitled to liquidated damages under the NJWHL.

28. Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs are current employees of Defendants who were employed in the salaried position of Supervisor and who have suffered similar injuries as those suffered by the Class members as a result of their misclassification as exempt from overtime compensation. Defendants' conduct of violating the NJWHL has affected Plaintiffs and the Class in the exact same way.

29. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are similarly situated to the Class and have no conflict with the Class members.

30. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in class action litigation.

31. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

  a. the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of

the Class that would have the potential to establish incompatible standards of conduct for Defendants;

    b. Defendants, by misclassifying their Supervisors as "exempt" from overtime, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

    c. the common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

  32. A Class Action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class Action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of the Class to protect their interests.

## FACTUAL ALLEGATIONS RELATED TO PLAINTIFFS' INDIVIDUAL AND COLLECTIVE/CLASS ACTION CLAIMS FOR UNPAID OVERTIME COMPENSATION

33. Paragraphs 1 through 32 are hereby incorporated by reference as though the same were fully set forth at length herein.

34. Plaintiff Matthew Cooper first began his employment with Defendants on or around November 16, 2020, when he was hired as a salaried Supervisor at Defendants' facility at 1251 South Front Street, Camden, NJ 08104.

35. Plaintiff Anthony Moore first began his employment with Defendants on or around December 14, 2020, when he was hired as a salaried Supervisor at Defendants' facility at 1251 South Front Street, Camden, NJ 08104.

36. Plaintiff Neftali Delgado first began his employment with Defendants on or around 2015, when he was hired as an hourly, non-exempt Supervisor at Defendants' facility at 1500 S 6th Street in Camden, NJ.

37. In or around August 2020, Plaintiff Neftali Delgado was transferred to Defendants' facility at 1251 South Front Street, Camden, NJ 08104 and was switched from being paid on an hourly to a salary basis.

38. In their capacity as Supervisors at Defendants' facility at 1251 South Front Street in Camden, NJ, Plaintiffs have, at all times relevant hereto, been classified as "exempt" from overtime compensation and paid on a salary basis.

39. Upon information and belief, Class Plaintiffs have, at all relevant times hereto, been classified as "exempt" from overtime compensation and paid on a salary basis.

40. Plaintiffs' and Class Plaintiffs' primary job duties consisted of manual labor, operating heavy equipment, driving forklifts, and performing maintenance functions.

9

41. Plaintiffs and Class Plaintiffs were/are also responsible for helping to ensure the timely and proper completion of tasks in their sections of the facility by helping to train Defendants' hourly Laborers on how to operate the machines.

42. Although they hold the job title of "Supervisor," Plaintiffs and Class Plaintiffs did not/do not have the authority to hire or fire other employees of Defendants, nor did they/do they make any suggestions or recommendations regarding hiring or employee status changes to which Defendants lend significant weight.

43. Moreover, upon information and belief, any limited supervisory authority exercised by Plaintiffs and Class Plaintiffs is severely constrained by the collective bargaining agreement applicable to Defendants' Laborers, which limits the authority of Defendants' Supervisors to direct the work of Defendants' Laborers, including with respect to assigning them to operate equipment, and prevents Defendants' Supervisors from exercising disciplinary authority without the express authority and approval of Defendants' upper management, such as Innovative Recovery Products ("IRP") Manager, Alex Reyes ("Mr. Reyes").

44. Additionally, during at least the first several months of their employment, both Plaintiffs Matthew Cooper and Anthony Moore each had fewer than two (2) Laborers as direct reports. In this regard, Plaintiffs Matthew Cooper and Anthony Moore have had no greater than two (2) Laborers working in their section – and, in the case of Plaintiff Matthew Cooper, less than (2) total for his first several months of employment – for an equivalent of less than one (1) full-time Laborer per Supervisor.

45. Accordingly, Plaintiffs and Class Plaintiffs did not/do not qualify for the exemption for executive employees under the FLSA/NJWHL.

46. In undertaking their tasks, Plaintiffs and Class Plaintiffs did not/do not have the authority to formulate, implement, or otherwise deviate from Defendants' pre-established policies or operating practices, but instead performed their job duties subject to specific instructions and/or guidelines provided by Defendants.

47. Plaintiffs' and Class Plaintiffs' primary job duties did not/do not include the performance of non-manual or office work requiring advance knowledge and the consistent exercise of discretion and judgment.

48. Plaintiffs and Class Plaintiffs did not/do not have the authority to commit Defendants in matters having significant financial impact, nor did/do they have the authority to negotiate or otherwise bind Defendants with respect to matters of significance.

49. Accordingly, Plaintiffs and Class Plaintiffs did not/do not qualify for the exemptions from overtime for professional or administrative employees under the FLSA/NJWHL.

50. Finally, there are no other exemptions under the FLSA and/or NJWHL which could arguably be applicable to Plaintiffs or Class Plaintiffs.

51. Accordingly, Plaintiff, Class Plaintiffs, and Class Plaintiffs were/are within the meaning of the FLSA and NJWHL, non-exempt employees of Defendants.

52. Plaintiffs and, upon information and belief, regularly work approximately sixty-nine (69) to seventy-two (72) hours per week, if not more. Indeed, Plaintiffs and, upon information and belief, Class Plaintiffs are frequently called upon to work as much as eighty (80) hours per week.

53. Despite working approximately thirty (30) to forty (40) hours of overtime per week, Plaintiffs and, upon information and belief, Class Plaintiffs were not/are not paid overtime

compensation at one and a half (1.5) times their regular rate of pay due to Defendants' misclassification of its Supervisors as "exempt" under the FLSA and NJWHL.

54. For example, during the workweek of March 1, 2021 to March 7, 2021, Plaintiff Matthew Cooper estimates that he worked approximately seventy-eight (78) hours, but was not paid any overtime compensation for the approximately thirty-eight (38) hours of overtime he worked during that workweek.

55. For example, during the workweek of January 11, 2021 to January 17, 2021, Plaintiff Anthony Moore estimates that he worked approximately seventy (70) hours, but was not paid any overtime compensation for the approximately thirty (30) hours of overtime he worked during that workweek.

56. For example, during the workweek of March 1, 2021 to March 7, 2021, Plaintiff Neftali Delgado estimates that he worked approximately eighty (80) hours, but was not paid any overtime compensation for the approximately forty (40) hours of overtime he worked during that workweek.

57. Although Plaintiffs and, upon information and belief, Class Plaintiffs, typically work far in excess of forty (40) hours per week, at the time of their hiring, Defendants advised them that their salaries were intended to compensate them for a fifty (50) hour workweek.

58. Indeed, in their Non-Union Employee Manual, which, upon information and belief, has been in effect at all times relevant hereto, Defendants advise their employees, including Plaintiffs and Class Plaintiffs, "The Company will compute your time on the basis of a forty (40) hour workweek, for hourly employees, and a fifty (50) hour workweek, for salaried employees."

59. Based on Defendants' Employee Manual, among other representations by Defendants, Plaintiffs and, upon information and belief, Class Plaintiffs were led to believe that their salary was only intended to compensate them for approximately fifty (50) hours per week.

60. Plaintiffs and, upon information and belief, Class Plaintiffs did not form an agreement with Defendants that their set salaries were considered compensation for all hours worked each workweek; rather, Plaintiffs and, upon information and belief, Class Plaintiffs, believed that their salary only represented compensation for their first fifty (50) hours per week, and that they would be entitled to additional compensation for hours worked beyond fifty (50).

61. Plaintiffs Matthew Cooper, Anthony Moore, and Neftali Delgado complained to Defendants about the long hours they were working without receiving overtime compensation (as Mr. Delgado had when he worked for Defendants as an hourly "Supervisor") or at least additional compensation for hours worked beyond fifty (50) in a workweek.

62. Although Defendants initially promised that Plaintiffs and, upon information and belief, Class Plaintiffs would be receiving an additional $250 per day "perk" for the hours they were working beyond fifty (50) in a workweek, that promise never materialized.

63. Plaintiffs and Class Plaintiffs were misclassified as exempt, as they do not meet the criteria for any applicable exemptions from overtime under the FLSA or NJWHL.

64. Defendants failed to pay Plaintiffs and Class Plaintiffs at a rate of at least 1.5 times their "regular rate" of pay for each hour they worked in excess of forty (40) hours in a workweek.

65. As a result of Defendants' aforesaid illegal actions, Plaintiffs and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

66. Paragraphs 1 through 65 are hereby incorporated by reference as though the same were fully set forth at length herein.

67. Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

68. As detailed above, Defendants unlawfully misclassified Plaintiffs and Class Plaintiffs as "exempt" from overtime, resulting in the denial of overtime compensation.

69. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

70. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

71. Defendants are liable to Plaintiffs and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and Class Plaintiffs;

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendants during the preceding three (3) years as a salaried Supervisor and authorizing

Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

  C. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

  D. Adjudicating and declaring that Defendants violated the FLSA by failing to pay Plaintiffs and Class Plaintiffs overtime compensation at a rate of 1.5 times their regular rate of pay as a result of Defendants' misclassification of them as "exempt" from overtime;

  E. Awarding Plaintiffs and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

  F. Awarding Plaintiffs and Class Plaintiffs liquidated damages in accordance with the FLSA;

  G. Awarding Plaintiffs reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

  H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

  I. Granting Plaintiffs and the Class Plaintiffs leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

  J. For all additional general and equitable relief to which Plaintiffs and the Class Plaintiffs may be entitled.

## COUNT II
## NEW JERSEY WAGE AND HOUR LAW
## N.J.S.A. § 34:11-56a, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

72. Paragraphs 1 through 71 are hereby incorporated by reference as though the same were fully set forth at length herein.

73. The NJWHL provides that an employer must pay certain minimum wages, including overtime wages, to its employees. See N.J.S.A. 34:11-56a4.

74. The NJWHL further provides that employees must be paid at a rate not less than the greater of 1.5 times the employee's "regular hourly wage," or 1.5 times the minimum wage, for all hours worked over 40 in a workweek. See N.J.S.A. 34:11-56a4.

75. By their actions alleged above, Defendants have violated the provisions of the NJWHL by failing to properly pay overtime compensation to Plaintiffs and Class Plaintiffs.

76. As a result of Defendants' unlawful acts, Plaintiffs and the Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the NJWHL.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class Plaintiffs, pray for judgment against Defendants as follows:

A. An Order certifying this case as a class action and designating Plaintiffs as the representatives of the Class and their counsel as class counsel;

B. An award to Plaintiffs and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiffs and Class Plaintiffs of reasonable attorney's fees and costs

pursuant to the New Jersey Wage and Hour Law; and

   D. An award to Plaintiffs and Class Plaintiffs for any other damages available to them under applicable New Jersey law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

        Respectfully submitted,

        **MURPHY LAW GROUP, LLC**

      By: */s/ Michael Groh*
        Michael Murphy, Esquire
        Michael Groh, Esquire
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-021
        murphy@phillyemploymentlawyer.com
        mgroh@phillyemploymentlawer.com
        Attorneys for Plaintiff

Dated: April 1, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.